UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIRK ELBERT                                       CIVIL ACTION

VERSUS                                            NUMBER 10-550-RET-SCR

HORACE MANN INSURANCE COMPANY

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 1, 2011.

　　　　　　　　　　　　　　　　　　　／s／ Stephen C. Riedlinger
　　　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIRK ELBERT

VERSUS

HORACE MANN INSURANCE COMPANY

CIVIL ACTION

NUMBER 10-550-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court are the first and second Motion to Remand filed by plaintiff Kirk Elbert. Record document numbers 4 and 7, respectively. Because both motions are based on the same argument – the amount in controversy required for diversity jurisdiction is not present – they will be treated as one motion. Neither motion is opposed.

**Background**

Plaintiff filed suit in state court against defendant Horace Mann Insurance Company seeking insurance proceeds allegedly due under an insurance policy issued by the defendant for damages sustained to the plaintiff's property during Hurricane Gustav. Plaintiff alleged that he was not fully compensated for damages to his dwelling and personal property and for additional living expenses. Plaintiff also sought damages for mental anguish, financial distress, and inconvenience. Plaintiff alleged that the defendant acted arbitrarily, capriciously and in bad faith, and the plaintiff sought penalties under state law.

Defendant removed the action based on diversity jurisdiction

under 28 U.S.C. § 1332(a).[1]  Defendant alleged the complete diversity of the parties.[2]  Defendant also asserted that the plaintiff's petition alleged damages in excess of the required jurisdictional amount of $75,000.[3]

Plaintiff moved to remand on the ground that his claims alleged in the state court petition do not satisfy the jurisdictional amount required under § 1332(a).  Plaintiff argued that the defendants failed to carry their burden of showing that at the time of removal the amount in controversy exceeded $75,000.  With his second motion, the plaintiff filed an Affidavit and Stipulation clarifying the amount of his claims.[4]

---

[1] Record document number 1, Notice of Removal, ¶ 14.

[2] *Id.*, ¶¶ 6 and 7.  In the Notice of Removal, the defendant alleged that the plaintiff "is a resident...of Louisiana" and it "is domiciled in Illinois."  "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'".  *Stafford v. Mobil Oil Corp.*, 945 F.2d 803 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10 at 1662.  Under § 1332(c)(1), a corporation is a citizen of every state in which it is incorporated and the state where it has its principal place of business.  Defendant failed to identify the state where it principal place of business is located.  For the purpose of this report and recommendation, the defendant's failure to identify the state where it has its principal place of business is inconsequential.

[3] Record document number 1, Notice of Removal, ¶ 15.

[4] Record document number 7, Affidavit and Stipulation.

## **Applicable Law**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[5] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--

---

[5] Louisiana Civil Code article 893 provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
Plaintiff did not allege that his claim was for less than the required jurisdictional amount. While this factor supports the position that the plaintiff's claims are not less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence.

that support a finding of the requisite amount. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

## Analysis

It is not facially apparent from the allegations in the plaintiff's petition that the value of his claims exceeds $75,000 exclusive of interest and costs. The petition is devoid of facts describing the damages to his property with any particularity. Even though the plaintiff is seeking state law penalties and attorney's fees, those values depend on the amount of insurance proceeds that allegedly were not paid. Without any facts or information about the nature and extent of losses sustained by the plaintiff, it would be pure speculation to conclude that the jurisdictional amount is satisfied by the allegations in his petition.

Moreover, the plaintiff signed an affidavit stipulating that his claims do not exceed $75,000. His Affidavit and Stipulation clarifies the amount of damages he seeks and binds him to an amount less than what is needed to support diversity jurisdiction. Defendant did not provide any additional evidence to show that the amount in controversy exceeded $75,000 at the time of removal, notwithstanding the plaintiff's Affidavit and Stipulation. Therefore, the defendant has not established that this court has subject matter jurisdiction under § 1332(a).

## Recommendation

It is the recommendation of the magistrate judge that both the

first and second Motion to Remand filed by plaintiff Kirk Elbert be granted.[6]

Baton Rouge, Louisiana, March 1, 2011.

                                /s/ Stephen C. Riedlinger
                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

---

[6] In his supporting memoranda the plaintiff mistakenly sought remand to the Civil District Court for the Parish of Orleans. Record document numbers 4-1, p. 4, and 7-1, p.4. However, the motions themselves correctly sought remand to the 19th Judicial District Court, the state court from which the case was removed and to which it would have to be remanded.